# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY GRAEFF<br>223 Fenstermaker Road<br>Kutztown, PA 19530<br><br>    Plaintiff,<br><br>  v.<br><br>GEODIS LOGISTICS, LLC<br>651 Boulder Drive<br>Breinigsville, PA 18031<br>  and<br>GEODIS USA, INC.<br>7101 Executive Center, Suite 333<br>Brentwood, TN 37027<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Kimberly Graeff (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby brings claims as follows against Geodis Logistics, LLC and Geodis USA, Inc., and avers as follows:

### INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq*.)/the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), the Pregnant Workers Fairness Act ("PWFA" - Pub. L. No. 117-328, 136 Stat. 4459 (2022)), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the

Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII/PDA, the ADA, and the PWFA after she properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the Pennsylvania Human Relations Act once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA would mirror her instant claims.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Geodis Logistics, LLC is a worldwide transport and logistics leader that supports clients across the United States, including Pennsylvania, with an operations location at the above-captioned address.

9. Defendant Geodis USA, Inc. is a worldwide transport and logistics leader that supports clients internationally and has a headquarters located at the above-captioned address.

10. Upon information and belief, Defendants have the same management and operations during Plaintiff's employment. Upon further information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are/were sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single, joint and/or integrated employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendants on or about October 21, 2019.

3

14. At all relevant times, Plaintiff worked as a Customer Service Representative and worked out of Defendants' Breinigsville, PA location (above-captioned).

15. During her employment with Defendants, Plaintiff was a hard-working employee who was not subjected to a history of performance-based corrective action.

16. At all times relevant herein, Plaintiff was supervised by Defendant's Operations Manager, David Porter ("Porter"), Operations Supervisor, Mary Ramos ("Ramos"), and Operations Supervisor, Amanda Henry ("Henry").

17. In or about October 2024, Plaintiff notified Defendants' management that she was pregnant, considered high-risk for her pregnancy, needed to attend regular doctor appointments because she was considered high-risk, and as a result would need to miss work to attend regular doctor appointments with regards to treatment for her pregnancy and expected to take a leave of absence for maternity leave upon the birth of her child (protected leave under the FMLA and PWFA).

18. In support of this notification and request for time away from work, a reasonable accommodation under the ADA, Plaintiff also provided Defendants with supporting medical documentation from her doctor.

19. During her communications with Defendants' management, Plaintiff requested to utilize intermittent FMLA to attend her necessary doctor appointments while pregnant, and block FMLA leave for her expected maternity leave.

20. Subsequently, Plaintiff was contacted by Defendants' third-party FMLA administrator, Voya, who provided Plaintiff with documentation regarding her request for FMLA leave.

21. Unfortunately, the documentation Defendants and Voya provided to Plaintiff were inaccurate and inapplicable to Plaintiff's request for intermittent and block FMLA.

22. Specifically, Defendants and Voya provided Plaintiff with documentation pertaining to a previous leave request from Plaintiff that related to Plaintiff's need to care for her mother.

23. Despite Plaintiff's constant and regular communications with Defendants and Voya to have the documentation corrected, it took Defendants and Voya multiple weeks to finally provide Plaintiff with the correct FMLA documentation.

24. While Defendants and Voya took multiple weeks to correct what should have been an easy fix, Plaintiff requested and utilized time away from work in order to attend necessary doctor appointments to treat her high-risk pregnancy.

25. Even though Plaintiff advised Defendants each time she needed time away from work that it was related to her high-risk pregnancy, and even though Defendants could have easily accommodated Plaintiff's reasonable accommodation request to take time away from work while her FMLA paperwork was being processed (a reasonable accommodation under the ADA), Defendants failed to properly engage in the interactive process as mandated by the ADA and issued Plaintiff attendance points (unknowingly at the time to Plaintiff) each time she had to miss work to attend these pregnancy-related doctor appointments (to be discussed further *infra*).

26. On or about November 13, 2024, Plaintiff and her doctor submitted to Defendants and Voya the necessary FMLA documentation that Defendants and Voya took weeks to correct (as discussed *supra*).

27. Subsequently, on or about November 19, 2024, Plaintiff received confirmation that her FMLA request was approved and backdated to the original date she requested FMLA in or about October 2024.

28. Prior to receiving this notification, on or about November 15, 2024, and **two days after she provided her completed FMLA documentation**, Plaintiff was abruptly terminated by Defendants.

29. On or about November 15, 2024, Ramos, Henry, and Defendants' Human Resources Representative, Kimberley (last name unknown), met with Plaintiff to inform her that she was terminated for allegedly accruing an excessive amount of attendance points that had accrued when Plaintiff missed work to attend the aforementioned doctor appointments related to her high-risk pregnancy.

30. During the meeting, Plaintiff questioned Defendants' rationale for termination and explained that the attendance points she received should have been accommodated as she: (1) notified Defendants' management of her need for leave each time she had to miss work; (2) explained that each time she missed work it was due to her need to attend doctor appointments related to her high-risk pregnancy; and (3) explained that her absences would have been covered under the FMLA had Defendants and/or Voya not mistakenly sent her the wrong documentation that it took weeks to rectify, at no fault to Plaintiff's actions.

31. Moreover, Plaintiff explained how it was her understanding that any "attendance issues" would be rectified once her submitted FMLA paperwork (as discussed *supra*) was expectedly approved (as it ultimately was on November 19, 2024).

32. In response, Kimberley dismissed Plaintiff's legitimate concerns and advised that her "attendance issues" would not be accommodated and that even if FMLA approved her leave, her absences would not be "backdated."

33. This declaration is a clear example of interference and retaliation of the FMLA, and even if Kimberley's assertion was true, which it is not, Plaintiff's absences should have been accommodated under the ADA and/or the PWFA.

34. Upon information and belief, Defendants did not treat other employees (those not pregnant, with disabilities, or whom requested accommodations) with the same hostility and animosity that they subjected to Plaintiff to in the last few weeks of her employment.

35. Moreover, upon information and belief, Defendants treated their non-Caucasian employees more favorable than Plaintiff with regards to their attendance policies.

36. Plaintiff, who is Caucasian, was allegedly terminated for accruing attendance points while other Hispanic employees of Defendants with the same or even more attendance points than Plaintiff had at the time of her termination, were not terminated.

37. Therefore, Defendants' alleged reason for termination is completely pretextual as it came in close temporal proximity to when Plaintiff: (1) disclosed her pregnancy; (2) disclosed she was considered high-risk with her pregnancy; (3) requested reasonable accommodations in the form of time away from work to attend doctor appointments and to take maternity leave; (4) requested intermittent and block FMLA; and (5) submitted her completed FMLA documentation.

38. Moreover, Defendants' alleged reason for termination is pretextual considering how Hispanic employees were treated disparately and more favorable than Plaintiff with regards to accrued attendance points.

39. Based on the foregoing, Plaintiff believes and therefore avers that she was terminated from her employment with Defendants in violation of Title VII/PDA, ADA, PWFA, FMLA, and mirroring state law.

## COUNT I
### Violations of Title VII/PDA
**([1] Pregnancy Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff is qualified under the Title VII/PDA for protection because she was pregnant.

42. Plaintiff was subjected to a hostile work environment through disparate treatment and Defendants' refusal to accommodate her need for leave in a very demeaning manner because of her pregnancy and/or requests for pregnancy accommodations.

43. Plaintiff believes and therefore avers that her pregnancy was a motivating and/or determinative factor in Defendants' decision to terminate her employment.

44. Defendants' actions of subjecting Plaintiff to a discriminatory/retaliatory hostile work environment and terminating Plaintiff constitute violations of Title VII/PDA.

## COUNT II
### Violations of the ADA
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff had a disability as defined by the ADA as her pregnancy was considered high-risk.

47. Defendant regarded Plaintiff disabled due to her aforesaid requests for time off related to her need for doctor appointments related to her high-risk pregnancy.

48. Plaintiff was subjected to a hostile work environment through Defendants' disparate treatment, failure to accommodate her reasonable requests for accommodation, and delays providing her with the necessary and correct documentation for her requested leaves from work.

49. Defendants failed to accommodate Plaintiff's reasonable accommodation requests as it terminated Plaintiff for requesting and/or utilizing her accommodation requests, and issued her corrective discipline for taking time away from work to attend her necessary doctor appointments pertaining to her high-risk pregnancy.

50. Plaintiff believes and therefore avers that her actual/perceived disability with her high-risk pregnancy was a motivating and/or determinative factor in Defendants' decision to terminate her employment.

51. Plaintiff also avers that her requests for accommodations in the form of intermittent or block leave were a motivating and/or determinative factor in Defendants' decision to terminate her employment.

52. These actions as aforesaid constitute violations of the ADA.

## COUNT III
## Violations of the PWFA
([1] Interference; [2] Retaliation; [3] Discrimination; [4] Hostile Work Environment)

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff is qualified under the PWFA for protection because she was pregnant during her employment with Defendants and had requested the reasonable accommodation of medical leave following the birth of her child (to recover from the same).

55. Plaintiff was subjected to retaliatory and harassing treatment after inquiring about a pregnancy-related accommodation and informing Defendants' management that she intended to utilize a reasonable pregnancy-related accommodation..

56. Plaintiff was stripped of her job duties and ultimately terminated before she was able to utilize the aforesaid pregnancy-related accommodation for completely pretextual reasons.

57. Plaintiff believes and therefore avers that her rights under the PWFA were interfered with, and she was retaliated against for requesting a reasonable pregnancy-related accommodation when she was subjected to hostile work environment and/or unlawfully terminated.

58. These actions as aforesaid constitute violations of the PWFA.

## COUNT IV
## Violations of the FMLA
### ([1] Interference and [2] Retaliation)

59. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

61. Plaintiff requested leave from Defendants with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

62. Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.

63. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

64. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

65. Defendants committed interference and retaliation violations of the FMLA by *inter alia*: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights; (2) terminating Plaintiff and/or subjecting her to a hostile work environment to dissuade Plaintiff from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (4) terminating Plaintiff to prevent her from taking FMLA-qualifying leave in the future; and (5) taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA.

66. These actions as aforesaid constitute violations of the FMLA.

### COUNT V
### Violations of Title VII
### (Race discrimination)

67. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

68. During Plaintiff's employment with Defendants, she was subjected to discrimination in the form of disparate treatment with regards to Defendants' policies because of her race.

69. Specifically, Plaintiff was terminated for alleged attendance issues that other non-Caucasian employees of Defendants were not terminated for.

70. Plaintiff believes and therefore avers that her race was a motivating and/or determinative factor in her termination from Defendants.

## COUNT VI
## Violations of Section 1981
## (Race Discrimination)

71. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

72. Plaintiff reasserts each and every allegation from Count V of this Complaint as such constitutes identical violations of Section 1981 of the Civil Rights Act of 1866.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

            Respectfully submitted,

            **KARPF, KARPF & CERUTTI, P.C.**

      By:
            Ari R. Karpf, Esq. (91538)
            8 Interplex Drive, Suite 210
            Feasterville-Trevose, PA 19053
            akarpf@karpf-law.com
            (215) 639-0801

Dated: December 16, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kimberly Graeff | : | CIVIL ACTION |
| v. | : | |
| Geodis Logistics, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 12/16/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?　　　　　　　　　　Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?　　Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?　Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?　　Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.　　Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

  ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
  ☐ 2. FELA
  ☐ 3. Jones Act-Personal Injury
  ☐ 4. Antitrust
  ☐ 5. Wage and Hour Class Action/Collective Action
  ☐ 6. Patent
  ☐ 7. Copyright/Trademark
  ☐ 8. Employment
  ☐ 9. Labor-Management Relations
  ☒ 10. Civil Rights
  ☐ 11. Habeas Corpus
  ☐ 12. Securities Cases
  ☐ 13. Social Security Review Cases
  ☐ 14. Qui Tam Cases
  ☐ 15. Cases Seeking Systemic Relief  *see certification below*
  ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

  ☐ 1. Insurance Contract and Other Contracts
  ☐ 2. Airplane Personal Injury
  ☐ 3. Assault, Defamation
  ☐ 4. Marine Personal Injury
  ☐ 5. Motor Vehicle Personal Injury
  ☐ 6. Other Personal Injury *(Please specify)*:_____
  ☐ 7. Products Liability
  ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GRAEFF, KIMBERLY

## DEFENDANTS
GEODIS LOGISTICS, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of the ADA, FMLA, Title VII/PDA, Section 1981, PHRA and the PWFA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/16/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____